IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40846
Summary Calendar

STEVEN CHARLES JONES,

Plaintiff-Appellant,

versus

JOHNNY PATRICK, Correctional officer-4,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-49

November 14, 2002

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

Steven Charles Jones, Texas prisoner #875172, appeals the
district court's dismissal of his civil rights complaint without
prejudice for failure to exhaust administrative remedies. 42
U.S.C. § 1997e(a). Title 42 U.S.C. § 1997e(a) requires that a
prisoner exhaust his administrative remedies before filing a 42
U.S.C. § 1983 suit. *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th

---

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1998).

Magistrate Judge Gutherie, prior to service of process, recommended dismissal without prejudice for failure to exhaust administrative remedies. Jones, who has at all times proceeded pro se, here and below, timely filed objections to the magistrate judge's report and recommendation, contending, *inter alia*, that exhaustion should be excused because of delay in processing his grievance, which had still not been ruled on. The district court, Chief Judge Hanna, conducted a de novo review, adopted the findings and conclusions of the magistrate judge, ruled that the objections were without merit, and dismissed the case without prejudice for failure to exhaust administrative remedies.

Without ruling on the merits of the dismissal, we sua sponte vacate the district court's judgment and remand with directions to refer the matter to another district judge. The district court here should have recused himself under 28 U.S.C. § 455(a) because with knowledge of the relevant fact-that the District Judge is the spouse of the Magistrate Judge-"an objective observer would have . . . questioned [the District Judge's] impartiality" in reviewing the recommendation of the Magistrate Judge, and this is so even if the District Judge's "failure to disqualify himself was the product of a temporary lapse of" attention on his part (as we assume it was). *See Liljeberg v. Health Services Acquisition Corp.*, 108 S.Ct. 2194, 2202 (1988). We note that there is nothing in the

2

record suggesting that Jones, a prisoner proceeding *pro se*, ever knew or reasonably could have known of the fact requiring recusal. Because of this and because recusal was so clearly required and this case is on direct appeal from a dismissal prior to service of process, we exercise our discretion in this particular case to vacate the judgment in the interest of promoting "confidence in the judiciary by avoiding even the appearance of impropriety," *id*. at 2205, and in the hope that such action will emphasize the need to guard against inadvertent repetition of this situation. *See also Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1027 n.1 (5th Cir. 1998).[1]

We also note that the exhaustion issue should be promptly resolved on remand so that if dismissal is required suit can be again filed after exhaustion and before the statute of limitations runs.

VACATED and REMANDED

---

[1]We do not suggest that cases of this kind where the judgment has become final should be reopened absent some further inquiry into actual prejudice or similar considerations. Nor do we address cases on direct appeal where the relevant facts were or should have been known to the appellant but the matter was not timely raised below.